**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| KIRBI PEMBERTON, MICHELLE WILFONG, JANICE JAPA, JAZZIE'S K9 KUTZ AND KAMP, LLC.,  PRESTIGE ELECTRONICS, INC. LLC, and CORNELL SPARKS, individually and on behalf of all others similarly situated | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. |
| | ) ) | |
| vs. | ) ) | |
| REPUBLIC SERVICES, INC. ALLIED SERVICES, LLC, d/b/a Republic Services of Bridgeton, and BRIDGETON LANDFILL, LLC, | ) ) ) ) | JURY TRIAL DEMANDED |
| | ) ) ) ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiffs Kirbi Pemberton, Jazzie's K9 Kutz and Kamp, LLC, Melissa Wilfong, Janice Japa, Prestige Electronics,LLC and Cornell Sparks, individually and on behalf of those similarly situated ("Plaintiffs"), for  this Class Action Complaint against Defendants Republic Services, Inc., Allied Services, LLC, d/b/a Republic Services of Bridgeton and Bridgeton Landfill, LLC, (Republic Services, Inc., Allied Services, LLC, d/b/a Republic Services of Bridgeton and Bridgeton Landfill, LLC are collectively referred to herein as "Defendants") state as follows:

1

## Introduction

1.      The Bridgeton Landfill is currently undergoing a subsurface oxidation event. This event bears a disturbingly close resemblance to an underground fire, consuming waste products ranging from a few feet to over a hundred feet deep.  No one knows for sure how long the subsurface oxidation event will burn, but estimates range from 3 years to over a decade.  The odor released from the burning heap of waste overpowers, and can be smelled for at least 3 miles.

2.      Plaintiffs bring these claims under Missouri state law only against Defendants seeking redress for their unreasonable negligence and nuisance based on a noxious, offensive, putrid odor and other emissions emanating from the landfill, caused by the subsurface oxidation event.

## Parties

3.      Plaintiff Kirbi Pemberton is an owner and occupier of property located at 2393 Westford, Maryland Heights, MO 63043 within three miles of the landfill.

4.      Plaintiff Melissa Wilfong is an owner and occupier of property located at 12070 Glenrose Dr. Maryland Heights, MO 63043 within three miles of the landfill.

5.      Plaintiff Janice Japa rents her primary residence located at 12062 Glenrose Dr. Maryland Heights, MO 63043 within three miles of the landfill.

6.      Plaintiff Jazzie's K9 Kutz and Kamps, LLC is a Missouri Corporation with its principle place of business located at 12273 Natural Bridge Bridgeton, MO 63044 within three miles of the landfill.

7.      Plaintiff Prestige Electronics, LLC is a Missouri Corporation with its principle place of business located at 11977 St. Charles Rock Rd.  Bridgeton, MO 63044 within three miles of the landfill.

8.      Plaintiff Cornell Sparks is an employee of Hussman Corporation, located at 12999 St. Charles Rock Road, Bridgeton, MO 63044 within three miles of the landfill.

9.      Defendant Republic Services, Inc. is a Delaware Corporation, with its principal place of business in the State Arizona.  Defendant Republic Services, Inc. conducts business in the State of Missouri.   At all times herein mentioned Defendant Republic Services, Inc. was acting through its agents, servants, and employees, all of whom were acting within the scope and course of their employment with the express knowledge, consent, control and direction of Defendant Republic.

10.     Defendant Allied Services, LLC, d/b/a Republic Services of Bridgeton, is a Delaware limited liability company, with its principal place of business in the State of Arizona. Defendant Allied Services, LLC, d/b/a Republic Services of Bridgeton conducts business in the State of Missouri.   At all times herein mentioned Defendant Allied Services, LLC, d/b/a Republic Services of Bridgeton was acting through its agents, servants, and employees, all of whom were acting within the scope and course of their employment with the express knowledge, consent, control and direction of Defendant Allied Services, LLC, d/b/a Republic Services of Bridgeton.

11.     Defendant Bridgeton Landfill, LLC, is a Delaware limited liability company with its principal place of business in the State of Missouri.  At all times herein mentioned Defendant Bridgeton Landfill, LLC, was acting through its agents, servants, and employees, all of whom were acting within the scope and course of their employment with the express knowledge, consent, control and direction of Defendant Bridgeton Landfill, LLC.

12.     Defendants have owned and/or operated the Bridgeton Landfill for all times relevant to this Complaint, but at least as of November 1, 2010.

13.     Upon information and belief Defendant Bridgeton Landfill, LLC is the owner of the Bridgeton Landfill, while Defendants Republic Services, Inc. and Allied Waste Services, LLC, d/b/a Republic Services of Bridgeton, operate the Bridgeton Landfill.

## Class Allegations

14.     Plaintiffs bring this action for themselves individually and as representatives of a class of all other similarly situated plaintiffs.  Plaintiffs intend to seek certification of four classes: (a) real property owner class, (b) tenant/occupant class, and (c) business owner class; and (d) worker class

15.     Plaintiffs initially define the real property owner class as:

All persons and legal entities who presently own an interest in real property, including mortgages and other security interests, within a 3 mile radius measured from the center of the quarry containing the Bridgeton Landfill.

16.     Plaintiffs initially define the tenant/occupant class as:

All persons who are legal tenants and who reside or resided on real property within a within a 3 mile radius of the center of the quarry containing the Bridgeton/ Landfill at any time from 2010 through the present.

17.     Plaintiffs initially define the business owner class as:

4

All legal entities having a place of business within a 3 mile radius of the center of the quarry containing the Bridgeton Landfill.

18.  Plaintiffs initially define the workers class as:

All persons who are employed by and work at businesses within the three mile radius of the center of the quarry containing the Bridgeton Landfill.

19.  Excluded from the classes above are the Defendants, the Defendants' affiliates, parents and subsidiaries, the Court and its immediate family, and any other individuals who have brought individual lawsuits arising from the same allegations against the Defendants, and/or anyone who has previously and specifically released the defendants from liability for the claims alleged in this petition.

20.  Plaintiffs reserves the right to amend or modify the class definitions and/or to move for certification of a class or classes defined differently than set forth above depending on the facts or law as discovered in this action.

21.  The classes are sufficiently numerous that joinder of all members of the class is impracticable.  The exact number and identity of all class members may be ascertained by appropriate discovery, but Plaintiffs believe that the proposed classes comprises at least 1,000 individuals and legal entities each. Class members may be notified of the pending action by email, mail, and by publication as necessary.

22.  There are questions of fact and law common to the classes, which common questions predominate over questions affecting only individual members.  The common questions include, but are not limited to, the following:

a.  whether Defendants' conduct caused the subsurface oxidation event at the landfill;

5

b.       whether Defendants negligently operated the landfill in such a way that the subsurface oxidation event occurred and is still occurring;

c.       whether Defendants' failure to stop the subsurface oxidation event or limit its spread was negligent, grossly negligent, or intentional;

d.       whether the subsurface oxidation event at the landfill has caused pollution, fugitive emissions, and/or a noxious, offensive, putrid odor outside the confines of the quarry containing the landfills

e.       whether Defendants operated the landfills in a manner, or permitted conditions at the landfills to be such, that a nuisance was created;

f.       identification of the precise dates and geographical areas affected by the pollution, fugitive emissions, and/or a noxious, offensive, putrid odor which has migrated outside the confines of the landfill due to the emissions from the subsurface oxidation event;

g.       whether Defendants' misconduct, violations of the law, and/or breaches of legal duty caused the injuries alleged by the Plaintiffs and members of the Classes;

h.       whether Defendants  were grossly negligent;

i.       whether Plaintiffs are entitled to punitive damages; and

j.       the measure and amount of damages, if any, to which Plaintiffs and the Classes are entitled.

23.    The claims of the representative plaintiffs in each class are typical of the claims of the members of that class.  Plaintiffs, like other members of their respective classes, have sustained legal injury arising from Defendants' conduct as alleged herein.

Plaintiffs and the members of their classes have suffered and continue to suffer similar or identical injuries-in-fact caused by the same unlawful conduct engaged by Defendants.

24.     Plaintiffs can and will fairly and adequately represent the interests of their class and have no interests that conflict with or are antagonistic to the interests of their class.  Plaintiffs have retained counsel who are highly skilled, competent and experienced in complex litigation and who will vigorously assert the claims on behalf of the class members.  No conflict exists between Plaintiffs and the classes.  Plaintiffs are willing and able to vigorously prosecute this action on behalf of the classes.

25.     The class action is an appropriate method for the fair and efficient adjudication of this controversy given the following:

a.      common questions of fact and law predominate over any individual questions that may arise, such that the class action mechanism is superior to other available means for the fair and efficient adjudication of this dispute;

b.      there will be enormous economies to the Court and the parties litigating the common issues in a class action instead of through multiple claims;

c.      class treatment is required for optimal and efficient resolution of this matter and for limiting the court-awarded reasonable legal expenses incurred by class members;

d.      if the size of individual class members' claims are small, their aggregate volume, coupled with the economies of scale in litigating similar claims on a common basis, will enable this case to be litigated as a class

action on a cost-effective basis, especially when compared with the cost of individual litigation;

e.      the trial of this case as a class action will be fair and efficient because questions of law and fact which are common to the classes predominate over any individual issues that may arise.

## Jurisdiction and Venue

26.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) because this is a class action in which members of the classes of Plaintiffs are citizens of a State different from at least one defendant and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

27.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COUNT I: Negligence under Missouri State Law

28.      Plaintiffs incorporate by reference the preceding paragraphs herein.

29.      Republic owe(d) a duty to use reasonable care to avoid causing injury to others in the operation of the Bridgeton Landfill, and in the remediation of an ongoing subsurface oxidation event in the landfill.

30.      Defendants  owe(d) this duty to Plaintiffs.

31.     Based on the proximity of Plaintiffs and/or their property to the Bridgeton Landfill, it was reasonably foreseeable that Plaintiffs would be injured by the noxious, offensive, putrid odor, pollution, and/or fugitive emissions emanating from the subsurface oxidation event at the landfill, and the failure of Defendants to properly remediate the fire.

32.     Defendants breached their duty to Plaintiffs by acts and/or omissions, including negligent operation of the Bridgeton Landfill in a manner that permitted a subsurface oxidation event to begin, and noxious, offensive, putrid odor, pollution, and/or fugitive emissions to be released.

33.     The foregoing negligent acts and/or omissions by Defendants are the proximate cause to injuries suffered by Plaintiffs.

34.     Further, a subsurface oxidation event does not ordinarily occur in the absence of negligence.

35.     The Bridgeton Landfill is controlled by Defendants.

36.     Defendants possess superior knowledge regarding what specifically caused the subsurface oxidation event.

37.     Plaintiffs and members of the classes have been injured by Defendants' negligence as described above.  Plaintiffs and members of the classes are unable to breathe fresh and clean air.  Their injuries include damage to their properties, loss of value of their properties, substantial and unreasonable interference with the use and enjoyment of their properties, other economic loss, discomfort, and annoyance.

38.     Defendants' conduct was outrageous because it showed reckless indifference to the rights of Plaintiffs and members of the classes.

9

39.    Plaintiffs seek punitive damages.

WHEREFORE, Plaintiffs respectfully pray that this Court certify the classes described herein, and enter judgment in their favor and against Defendants, jointly and severally, to award compensatory damages plus punitive or exemplary damages in an amount that is fair and reasonable, plus costs incurred in bringing this suit, and for such other and further relief as this Court deems just and proper.


## COUNT II: Nuisance under Missouri State Law

40    Plaintiffs incorporate by reference the preceding paragraphs herein.

41.    Defendants unreasonably interfered with the use and enjoyment of the property and property interests of the Plaintiffs and the members of the Classes by causing noxious, offensive, putrid odor, pollution, and/or fugitive emissions to emanate from the from the subsurface oxidation event at the Bridgeton/West Lake landfill.

42.    Noxious, offensive, putrid odor, pollution, and/or fugitive emissions emanating from the subsurface oxidation event at the Bridgeton Landfill reached properties owned and/or leased by Plaintiffs, and/or places of employment, creating a physically offensive nuisance and damage to Plaintiffs' properties, diminution in value of Plaintiffs' properties, substantial and unreasonable interference with the use and enjoyment of Plaintiffs' properties, as well as other economic loss, discomfort, and annoyance.

43.    The odor, pollution, and/or emissions emanating from the subsurface oxidation event at the Bridgeton Landfill are the direct and proximate result of

Defendants' intentional, willful and wanton, grossly negligent, or negligent conduct in failing to prevent the subsurface oxidation event at the Bridgeton Landfill.

44.     The odor, pollution, and/or emissions emanating from the subsurface oxidation event at the Bridgeton Landfill are substantial and unreasonable, in many cases exceeding the regulatory limits.

45.     The continued subsurface oxidation event at the Bridgeton Landfill, and Defendants' continuing failure to extinguish it, along with the resulting noxious, offensive, putrid odors are unreasonable.

46.     Plaintiffs have been injured by Defendants' nuisance as described above. Their injuries include damage to their properties, diminution in the value of their properties and interests in properties, substantial and unreasonable interference with the use and enjoyment of their properties, other economic loss, discomfort, and annoyance.

47.     Defendants knowingly and willfully permitted the nuisance to continue.

48.     Plaintiffs seek punitive damages against Defendants for the willful and knowing continuation of the nuisance described herein.

50.     As a proximate result of Defendants' negligent, grossly negligent, or willful acts or omissions, the Plaintiffs and members of the Classes have been damaged in a substantial amount to be proven at trial.

WHEREFORE, Plaintiffs respectfully pray that this Court certify the classes described herein, and enter judgment in their favor and against Defendants, jointly and severally, to award compensatory damages plus punitive or exemplary damages in an amount that is fair and reasonable, plus costs incurred in bringing this suit, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

FINNEY LAW OFFICE, LLC

/s/  Daniel P. Finney, Jr.

Daniel P. Finney, Jr. MOED #10476
Daniel P. Finney III  MOED # 5202538
Christopher J. Finney MOED # 62888MO

1735 S. Big Bend Blvd.
St. Louis, MO 63117
(314) 646-0300

Attorneys for Plaintiffs