UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIRBI PEMBERTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14CV01421 AGF |
| | ) | |
| REPUBLIC SERVICES, INC., ALLIED SERVICES, LLC, and BRIDGETON LANDFILL, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motions to unseal their response and proposed surreply to Defendants' motion to quash a subpoena directed by Plaintiffs to Pelopidas, LLC., ("Pelopidas"), a non-party public relations company hired by Defendants' counsel. For the reasons set forth below, the motion to unseal shall be granted with respect to the response and proposed surreply, but denied with respect to the exhibits to the response.

## BACKGROUND

Plaintiffs filed this putative class action against Defendants, asserting negligence and nuisance arising out of the odor, pollution, and emissions allegedly emanating from a landfill owned and operated by Defendants. On January 30, 2015, a stipulated protective order was entered in the case providing that, among other things, confidential material shall be used by any recipient solely for the purpose of conducting this litigation. The

subpoena served on Pelopidas sought the production of a wide array of material related to the case. On March 27, 2015, Defendants moved for leave to file a motion to quash the subpoena, and a memorandum in support, under seal. Defendants explained that they believed that most of the material sought was protected from discovery as privileged attorney-client communications and work product. On March 30, 2015, the Court granted Defendants' motion to file their motion and memorandum under seal, and the motion and memorandum were thusly filed.

On April 10, 2015, Plaintiffs filed a "Notice" that they were filing their response to Defendants' motion to quash the Pelopidas subpoena under seal, but that they moved to have the response unsealed. (Doc. No. 61.) On the same day, Plaintiffs filed under seal the response with eight exhibits, including (redacted) emails that were related to the subpoena. (Doc. No. 62.) On April 24, 2015, Defendants filed a similar Notice and motion to unseal (Doc. No. 67) on May 1, 2015, with regard to a proposed surreply that they filed that day under seal (Doc. Nos. 68 and 72) directed to Defendants' motion to quash. In support of their motions to unseal their response and proposed surreply, Plaintiffs argue that these filings do not reflect or contain any information subject to the protective order, and that as Pelopidas regularly communicated with the media in the course of its work with Defendants' attorney, there was nothing confidential in the communications between Defendants' counsel and Pelopidas.

Defendants argue that Plaintiffs' motions to unseal should be denied because they do not comport with Local Rule 7-4.01, which requires a memorandum in support of any motion. Defendants urge the Court not to revisit its previous ruling sealing filings related

2

to the motion to quash "describe and discuss attorney-client communications and work product and should . . . be kept under seal."

On June 23, 2015, the Court granted Defendants' motion to quash Plaintiffs' subpoena directed at Pelopidas. The Court concluded that although the materials sought were not protected by the attorney client privilege, they were protected by the work product doctrine.

## **DISCUSSION**

"'[The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.' A party seeking closure or sealing of court documents must show that a restriction of the right of public access is necessitated by a compelling government interest." *S.E.C. v. Shanahan*, No. No. 4:06-MC-546 CAS, 2006 WL 3330972, at *3 (E.D. Mo. Nov. 15, 2006) (quoting *In re Neal*, 461 F.3d 1048, 1053 (8th Cir.2006)). "[O]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d at 1053 (citation omitted). "The presumption in favor of access places the burden on the party seeking to maintain confidentiality to establish sufficient grounds for prohibiting public access to the record." *LDM Grp., LLC v. Akers*, 2013 WL 1316420, at *10 (E.D. Mo. Mar. 29, 2013) (citation omitted).

The Court has reviewed Plaintiffs' response and surreply to the motion to quash and concludes that Defendants have not made a sufficient showing that they need to be kept under seal. Defendants have not pointed to any specific confidential information in the filings, nor does the Court discern any. The exhibits attached to Plaintiffs' response,

however, do appear to be confidential and shall remain under seal. The Court is not revisiting its decision with respect to Defendants' own filings related to the motion to quash, beginning with the motion and memorandum in support. But the two filings now in question need not remain under seal.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motions (Doc. Nos. 61 and 67) to unseal Plaintiffs' response (Doc. No. 62) and surreply (Doc. Nos. 68 and 72) to Defendants' motion to quash the subpoena directed at Pelopidas, LLC, is **GRANTED** with respect to the filings themselves and **DENIED** with respect to the exhibits attached to Doc. No. 62. As such, Doc. Nos. 62, 68 and 72 shall be unsealed, but the exhibits to Doc. No. 62 shall remain under seal.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2015.